UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENISE ANN HENSCHEL, | No. 2:17-cv-02465 AC |
| Plaintiff, | |
| v. | **ORDER** |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | |
| Defendant. | |

Petitioner seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner"), denying her application for disability insurance benefits ("DIB") under Title II of the Social Security Act ("the Act"), 42 U.S.C. §§ 401-34, and under Part A of Title XVIII of the Act, 42 U.S.C. §§ 1395(c) *et seq*.[1] For the reasons that follow, petitioner's motion for summary judgment will be GRANTED, and defendant's cross-motion for summary judgment will be DENIED.

////

---

[1] Title II provides for DIB to be paid to disabled persons who have contributed to the Disability Insurance Program, and who suffer from a mental or physical disability. 42 U.S.C. § 423(a)(1); Bowen v. City of New York, 476 U.S. 467, 470 (1986). Title XVIII, Part A, provides for hospital coverage for those entitled to disability or old-age benefits under the Act. See 42 U.S.C. §§ 1395(c) *et seq*.

1

## I. PROCEDURAL BACKGROUND

On May 27, 2014, plaintiff applied for DIB under Title II and Title XVIII, Part A, of the Act. Administrative Record ("AR") 187-90.[2] The disability onset date was alleged to be January 15, 2013. AR 187. The application was disapproved initially and on reconsideration. AR 18, 85, 94. On May 12, 2016, ALJ Odell Grooms presided over a video hearing on plaintiff's challenge to the disapprovals. AR 32–69 (transcript). Plaintiff and her counsel, Mr. Donald Bartholomew, appeared at the hearing. AR 18. Ms. June C. Hagen, a Vocational Expert ("VE"), also testified. Id.

On September 19, 2016, the ALJ found plaintiff "not disabled" under Sections 216(i) and 223(d) of Title II of the Act, 42 U.S.C. §§ 416(i), 423(d). AR 15-31 (decision), 28-31 (exhibit list). On September 14, 2017, after receiving additional evidence, the Appeals Council denied plaintiff's request for review, leaving the ALJ's decision as the final decision of the Commissioner of Social Security. AR 1-5 (decision and additional exhibit list).

Plaintiff filed this action on November 22, 2017. ECF No. 1; see 42 U.S.C. § 405(g). The parties consented to the jurisdiction of the magistrate judge. ECF Nos. 7, 8. The parties' cross-motions for summary judgment, based upon the Administrative Record filed by the Commissioner, have been fully briefed. ECF Nos. 15 (plaintiff's summary judgment motion), 18 (Commissioner's summary judgment motion), 21 (plaintiff's reply).

## II. FACTUAL BACKGROUND

Plaintiff was born in 1964, and accordingly was, at age 50, a "[p]erson closely approaching advanced age" under the regulations, 20 C.F.R. § 404.1563(d), when she filed her application. AR 77. Plaintiff has at least a high school education, and can communicate in English. AR 25, 81, 201. Plaintiff worked as an accounting clerk from 1999 – 2013. AR 84.

## III. LEGAL STANDARDS

The Commissioner's decision that a claimant is not disabled will be upheld "if it is supported by substantial evidence and if the Commissioner applied the correct legal standards." Howard ex rel. Wolff v. Barnhart, 341 F.3d 1006, 1011 (9th Cir. 2003). "'The findings of the

---

[2] The AR is electronically filed at ECF Nos. 10.3 to 10.15 (AR 1–474).

Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . ..'" Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995) (quoting 42 U.S.C. § 405(g)).

Substantial evidence is "more than a mere scintilla," but "may be less than a preponderance." Molina v. Astrue, 674 F.3d 1104, 1111 (9th Cir. 2012). "It means such evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (internal quotation marks omitted). "While inferences from the record can constitute substantial evidence, only those 'reasonably drawn from the record' will suffice." Widmark v. Barnhart, 454 F.3d 1063, 1066 (9th Cir. 2006) (citation omitted). Although this court cannot substitute its discretion for that of the Commissioner, the court nonetheless must review the record as a whole, "weighing both the evidence that supports and the evidence that detracts from the [Commissioner's] conclusion." Desrosiers v. Secretary of HHS, 846 F.2d 573, 576 (9th Cir. 1988); Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985) ("The court must consider both evidence that supports and evidence that detracts from the ALJ's conclusion; it may not affirm simply by isolating a specific quantum of supporting evidence.").

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002). However, the court may review only the reasons stated by the ALJ in his decision "and may not affirm the ALJ on a ground upon which he did not rely." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007); Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003) ("It was error for the district court to affirm the ALJ's credibility decision based on evidence that the ALJ did not discuss").

The court will not reverse the Commissioner's decision if it is based on harmless error, which exists only when it is "clear from the record that an ALJ's error was 'inconsequential to the ultimate nondisability determination.'" Robbins v. Commissioner, 466 F.3d 880, 885 (9th Cir. 2006) (quoting Stout v. Commissioner, 454 F.3d 1050, 1055 (9th Cir. 2006)); see also Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005).

## IV. RELEVANT LAW

Disability Insurance Benefits and Supplemental Security Income are available for every eligible individual who is "disabled." 42 U.S.C. §§ 402(d)(1)(B)(ii) (DIB), 1381a (SSI). Plaintiff is "disabled" if he is "'unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment . . ..'" Bowen v. Yuckert, 482 U.S. 137, 140 (1987) (quoting identically worded provisions of 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A)).

The Commissioner uses a five-step sequential evaluation process to determine whether an applicant is disabled and entitled to benefits. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); Barnhart v. Thomas, 540 U.S. 20, 24-25 (2003) (setting forth the "five-step sequential evaluation process to determine disability" under Title II and Title XVI). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is not disabled. If not, proceed to step two.

20 C.F.R. § 404.1520(a)(4)(i), (b).

> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, the claimant is not disabled.

Id. §§ 404.1520(a)(4)(ii), (c).

> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is disabled. If not, proceed to step four.

Id. §§ 404.1520(a)(4)(iii), (d).

> Step four: Does the claimant's residual functional capacity make him capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.

Id. §§ 404.1520(a)(4)(iv), (e), (f).

> Step five: Does the claimant have the residual functional capacity perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Id. §§ 404.1520(a)(4)(v), (g).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. 20 C.F.R. §§ 404.1512(a) ("In general, you have to prove to us that you are blind or

disabled"), 416.912(a) (same); Bowen, 482 U.S. at 146 n.5. However, "[a]t the fifth step of the sequential analysis, the burden shifts to the Commissioner to demonstrate that the claimant is not disabled and can engage in work that exists in significant numbers in the national economy." Hill v. Astrue, 698 F.3d 1153, 1161 (9th Cir. 2012); Bowen, 482 U.S. at 146 n.5.

## V. THE ALJ's DECISION

The ALJ made the following findings:

> 1. The claimant meets the insured status requirements of the Social Security Act through September 30, 2018.
>
> 2. [Step 1] The claimant has not engaged in substantial gainful activity since January 15,2013, the alleged onset date (20 CFR 404.1571 *et seq.*).
>
> 3. [Step 2] The claimant has the following severe impairments: thoracic and lumbar spine degeneration, asthma, and obesity (20 CFR 404.1520(c)).
>
> 4. [Step 3] The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).
>
> 5. [Residual Functional Capacity ("RFC")] After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except she can lift and carry 20 pounds occasionally and 10 pounds frequently; she can stand and/or walk for 2 hours in an 8-hour day; she can sit for 6 hours in an 8-hour day; she can occasionally climb ramps and stairs; she can never climb ladders, ropes, or scaffolds; she can occasionally balance, stoop, kneel, crouch, and crawl; she must be allowed to change from a sitting or standing position once every hour for 2-3 minutes; she must use a handheld assistive device in the dominant right upper extremity for ambulation and support; and she must avoid concentrated exposure to pulmonary irritants.
>
> 6. [Step 4] The claimant is capable of performing past relevant work as an accounting clerk. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565).
>
> [Alternative Step 5 Finding] In the alternative, considering the claimant's age, education, work experience, and residual functional capacity, there are other jobs that exist in significant numbers in the national economy that the claimant also can perform (20 CPR 404.1569 and 404.1569(a)).

*////*

5

|   |   |
|---|---|
| 1 | 7. The claimant has not been under a disability, as defined in the Social Security Act, from January 15, 2013, through the date of this decision (20 CFR 404.1520(f)). |
| 2 |   |

AR 20-27.

As noted, the ALJ concluded that plaintiff was "not disabled" under Sections 216(i) and 223(d) of Title II of the Act, 42 U.S.C. §§ 416(i), 423(d).  AR 27.

## VI.  ANALYSIS

Plaintiff argues that the ALJ erred (1) at step two by not including as a severe impairment plaintiff's degenerative knee condition, (2) by not discussing the observations of plaintiff's physical therapist, (3) in discounting the opinion of plaintiff's treating nurse practitioner, (4) in giving great weight to the consultative examiner without discussing that his report was changed after its initial submission to DDS, (5) by not providing clear and convincing reasons to discredit plaintiff's testimony, (6) by not giving germane reasons for discrediting third-party witness observations, and (7) in assessing plaintiff's RFC.  ECF No. 15 at 26-33.  Plaintiff requests that the matter be remanded to the Commissioner for an immediate award of benefits.

### A.  The ALJ Did Not Err at Step Two

"The step-two inquiry is a de minimis screening device to dispose of groundless claims."  Smolen v. Chater, 80 F.3d 1273, 1290 (9th Cir. 1996).  The purpose is to identify claimants whose medical impairment is so slight that it is unlikely they would be disabled even if age, education, and experience were taken into account.  Bowen v. Yuckert, 482 U.S. 137, 153 (1987).  At step two of the sequential evaluation, the ALJ determines which of claimant's alleged impairments are "severe" within the meaning of 20 C.F.R. § 404.1520(c).  "An impairment is not severe if it is merely 'a slight abnormality (or combination of slight abnormalities) that has no more than a minimal effect on the ability to do basic work activities.'"  Webb v. Barnhart, 433 F.3d 683, 686 (9th Cir. 2005) (quoting Social Security Ruling ("SSR") 96-3p, 1996 SSR LEXIS 10 (1996)).  At the second step, plaintiff has the burden of providing medical evidence of signs, symptoms, and laboratory findings that show that his or her impairments are severe and are expected to last for a continuous period of twelve months.  Ukolov v. Barnhart, 420 F.3d 1002,

////

1004-05 (9th Cir. 2005); see also 20 C.F.R. §§ 404.1509, 404.1520(a)(4)(ii), 416.909, 416.920(a)(4)(ii).

Substantial evidence supports the ALJ's conclusion that plaintiff's knee impairments were not severe within the meaning of 20 C.F.R. § 404.1520(c). The ALJ found that plaintiff's history of left knee surgery caused only a slight abnormality that would have no more than a minimal effect on her ability to work. AR 21. In so finding, the ALJ noted that plaintiff's knee pain was being managed medically, could be controlled, and that no aggressive treatment was recommended or anticipated. Id. The ALJ referenced plaintiff's medical records including provider notes from numerous physical therapy sessions from March through September 2015. AR 362-492. These notes show that plaintiff engaged in aquatic therapy for musculoskeletal pain and demonstrated steady improvement. AR 440-50 (difficulty entering and exiting pool via stairs in April 2015); 418 (improved ambulation and better mobility outside pool in July 2015); 413-14 (able to complete aquatic exercises with good tolerance and no increase in symptoms; continues to demonstrate slow progress in September 2015). The ALJ also referenced provider notes from plaintiff's primary care nurse practitioner Laura Anjola, FNP, from April 2016. These notes reference a "slight effusion" of the left knee and "[n]o acute findings" on an x-ray conducted the same day. AR 346. The x-ray report noted "mild degenerative changes involving the knee joint" and "mild patellofemoral joint arthritis." AR 352. Accordingly, the ALJ's decision not to include plaintiff's knee condition as severe—alongside her severe impairments of spine degeneration, asthma, and obesity—was supported by substantial evidence.

Even if the ALJ erred, omissions at step two are often harmless error if step two is decided in plaintiff's favor. Burch, 400 F.3d at 682 (concluding any error ALJ committed at step two was harmless because the step was resolved in claimant's favor). Here, step two was decided in plaintiff's favor, as the ALJ continued to subsequent steps of the sequential evaluation process.

B. The ALJ Erred by Not Addressing the Physical Therapist's Opinion

The ALJ erred by failing to address the opinions of plaintiff's physical therapist. Physical therapists are classified as an "other source" of evidence. 20 C.F.R. § 404.1513(d)(1) (2016). To discount an "other source" opinion, such as that of a physical therapist, the ALJ must give

reasons that are germane to that witness. Parra v. Astrue, 481 F.3d 742, 750 (9th Cir. 2007) ("An ALJ may reject a lay witness's testimony only upon giving a reason germane to that witness."); Dodrill v. Shalala, 12 F.3d 915, 919 (9th Cir. 1993).

As discussed above, plaintiff attended physical therapy for her lower extremity pain from March to September 2015. The record contains the following opinion evidence from physical therapist Hannah L. Main, PT, DPT. First, on March 13, 2015, Ms. Main completed a Physical Therapy Evaluation of plaintiff, which contained her "assessment" that plaintiff's "[f]unctional deficits include difficulty sitting and standing for prolonged periods of time, walking any distances, bending/squatting, performing cooking/household ADLs, don/doffing shoes, and poor access to the community due to current impairments." AR 331-32. Second, on April 3, 2015, Ms. Main completed a Physical Therapy Progress Report, which contained a similar "assessment" that plaintiff's "[f]unctional deficits include difficulty sitting and standing for prolonged periods of time, walking any distances without [a walker], bending/squatting, performing household chores, don/doffing shoes, and poor access to community due to current impairments." AR 327. The Progress Report also stated that one of the goals of the physical therapy plan was for plaintiff to be "[a]ble to stand at kitchen sink and do dishes without leaning on counter for support for 20 minutes without increase in symptoms." Id. An April 20, 2015 Progress Report reiterated this as one of the goals of treatment. AR 328. Third and finally, on June 12, 2015, Ms. Main completed a Physical Therapy Progress Report containing her "assessment" that plaintiff was "functionally limited in nearly all weight bearing activities, sleeping, bending/squatting, doing household chores, and prolonged walking and standing." AR 326.

The ALJ's decision discusses none of these progress reports. The ALJ notes that plaintiff attended physical therapy (AR 23) but never acknowledges Ms. Main's functional assessments of plaintiff. This was error. In determining that plaintiff had the residual functional capacity, inter alia, to lift and carry 20 pounds occasionally and 10 pounds frequently, and to stand and/or walk 2 hours in an 8-hour day, the ALJ implicitly rejected the physical therapist's opinion that plaintiff could not sit or stand for prolonged periods, could not walk any distance, and was limited in "nearly all weight bearing activities." However, in not addressing the physical therapist's

8

opinion, he failed to give any reason, germane or otherwise, for rejecting that opinion. Remand is required to correct this omission or adjust plaintiff's RFC accordingly.

Having reached this conclusion, the court does not address plaintiff's other allegations of error—or the Commissioner's arguments in opposition to them—in an effort to allow the Commissioner to reconsider the record afresh.

## VII. CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 15), is GRANTED;
2. The Commissioner's cross-motion for summary judgment (ECF No. 18), is DENIED;
3. The Clerk of the Court shall enter judgment for the plaintiff, and close this case.

DATED: May 21, 2019

*/s/ Allison Claire*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE